UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER FORMENTIN,

        Plaintiff,                Civil Case No. 15-12182
                                                  Honorable Linda V. Parker

v.

COMMISSIONER OF
SOCIAL SECURITY

        Defendant.

_____/

**OPINION AND ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION [ECF NO. 16]; GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13]; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15]; AND REMANDING THE CASE FOR FURTHER PROCEEDINGS**

On June 16, 2015, Plaintiff filed this lawsuit challenging the Commissioner of Social Security's ("Commissioner's") final decision denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. On June 17, 2015, this Court referred the lawsuit to Magistrate Judge Patricia T. Morris for all pretrial matters, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 13, 15.) On April 19, 2016, Magistrate

Judge Morris issued her R&R recommending that this Court: (1) grant Plaintiff's summary judgment motion; (2) deny the Commissioner's motion; and (3) remand the matter the case for an award of benefits. (ECF No. 16.)

In her R&R, Magistrate Judge Morris found that the Administrate Law Judge's (ALJ) residual functional capacity (RFC) determination was not supported by substantial evidence. (ECF No. 16 at Pg. ID 919.) Specifically, Magistrate Judge Morris concluded that: (1) the ALJ's conclusion that Plaintiff could perform light work was not supported by substantial evidence; (2) the ALJ erred by finding that Plaintiff's symptoms reduced rapidly with medication and experienced a moderate improvement over time; (3) the ALJ's credibility findings "misconstrue[d] the evidence" and "overstate[d] the record"; and (4) the ALJ's determination that the claimant would have been capable of full time employment, by the time of the purported onset date, was not supported by the medical evidence. (*Id.* at Pg. ID 923–25.) Further, Magistrate Judge Morris recommended that the Court direct the Commissioner to award benefits, given that Plaintiff's "disability is overwhelming." (*Id.* at Pg. ID 926.)

Defendant, in objection to Magistrate Judge Morris' R&R, asserts that reversal for payment of benefits is not the appropriate remedy in this case, and that this case should be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration. (ECF No. 17 at Pg. ID 934.)

The Court finds that the case should be remanded for further proceedings rather than for an award of benefits. The Sixth Circuit holds that "when the Secretary misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175–76 (6th Cir. 1994).

Judge Morris determined that the medical evidence did not support the ALJ's finding that Plaintiff would have been capable of full time employment by the time of the alleged onset date of March 2014. Moreover, there is conflicting evidence specifically as relates to the ALJ's consideration of Dr. Crow's report and comment regarding a "disconnect" between the Plaintiff's completion of activities and the amount of pain she experienced.

Accordingly, the case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration. *Faucher*, 17 F.3d at 175–76. Thus, in compliance with the Sixth Circuit's holding in *Faucher*, the Court will remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

For the forgoing reasons, the Court finds merit to Defendant's objection – to the extent that Magistrate Judge Morris recommends awarding benefits. Therefore, the Court **ADOPTS IN PART AND REJECTS IN PART** Magistrate Judge Morris' April 19, 2016 Report and Recommendation.

Accordingly,

Plaintiff's motion for summary judgment (ECF No. 13) is **GRANTED IN PART AND DENIED IN PART**; Defendant's motion for summary judgment (ECF No. 15) is **DENIED**; and **IT IS ORDERED** that this case be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**SO ORDERED**.

                                                      s/ Linda V. Parker
                                                      LINDA V. PARKER
                                                      U.S. DISTRICT JUDGE

Dated: July 21, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 21, 2016, by electronic and/or U.S. First Class mail.

                                                      s/ Kelly Winslow for Richard Loury
                                                      Case Manager